IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYQUAN MATTHEWS, | § | |
| | § | |
| Defendant Below- | § | No. 11, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID 1207018108 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: July 13, 2015
Decided: August 26, 2015

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

# **O R D E R**

This 26th day of August 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1) The defendant-appellant, Tyquan Matthews, pled guilty on April 4, 2013 to multiple criminal offenses, including Robbery in the First Degree, Possession of a Firearm During the Commission of a Felony and related charges. The Superior Court sentenced Matthews on these charges to a total period of forty-one years at Level V imprisonment, to be suspended after serving thirteen years in prison for decreasing levels of supervision. Matthews filed a motion for postconviction relief on November 12, 2013

and an amended motion on June 27, 2014, alleging ineffective assistance of counsel. After receiving responses from Matthews' trial counsel and from the State, the Superior Court held a hearing. At the conclusion of the hearing, the Superior Court stated that it found Matthews' trial counsel more credible than Matthews and his witnesses and thus denied Matthews' motion for postconviction relief. This is Matthews' appeal from that ruling.

(2) Matthews' counsel on appeal has filed a brief and a motion to withdraw pursuant to Rule 26(c). Matthews' counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Matthews' attorney informed him of the provisions of Rule 26(c) and provided Matthews with a copy of the motion to withdraw and the accompanying brief. Matthews also was informed of his right to supplement his attorney's presentation. Matthews has not raised any issues for this Court's consideration. The State has responded to the position taken by Matthews' counsel and has moved to affirm the Superior Court's judgment.

(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable

2

claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[*]

(4)    This Court has reviewed the record carefully and has concluded that Matthews' appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Matthews' counsel has made a conscientious effort to examine the record and the law and has properly determined that Matthews could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[*]*Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).